# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAINER SCHMIDT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3987** |
| **CHUBB EUROPEAN GROUP SE** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is Defendant Chubb European Group SE's Motion to Dismiss Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6) or Alternatively Motion for a More Definite Statement.[1] Plaintiffs Rainer Schmidt and Melissa Schmidt filed a response in opposition to Defendant's Motion[2] and the Defendant filed a reply in support of its Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion to Dismiss, **GRANTS** the Plaintiffs leave to file an amended complaint, and **DISMISSES AS MOOT** the Motion for a More Definite Statement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over Hurricane Ida insurance claims. Plaintiffs Rainer Schmidt and Melissa Schmidt own property located at 659-663 Jefferson Heights Avenue in Jefferson, Louisiana (the "Residence").[4] The Defendant, Chubb European Group SE, issued a policy of insurance bearing policy number VBWH712076 (the "Policy") covering the Residence "against loss and damage caused

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 14.
[4] R. Doc. 1 at ¶ 5.

by, among other perils, wind, hail, and water."[5] The Policy was in "full force and effect at the time of the covered loss events that are the subject of the instant lawsuit."[6]

On August 29, 2021, the Residence sustained substantial damage due to Hurricane Ida.[7] Plaintiffs allege that they "provided timely notice of the loss event to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible."[8] According to Plaintiffs, the Defendant "performed an initial inspection of the loss and damage to the Residence" and, together with its loss consultants, had "inspected the Residence on several occasions and provided one or more loss estimates on the claim."[9] According to Plaintiffs, Defendant had "ample opportunity to investigate and inspect the damage to the Residence."[10]

Plaintiffs allege that the payments made by the Defendant to date have been "woefully inadequate" and that the Defendant has failed to fully pay them the actual amount of loss due under the Policy.[11] According to Plaintiffs, "Defendant failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss."[12] Plaintiffs further allege that

---

[5] *Id.* at ¶ 6.
[6] *Id.*
[7] *See id.* at ¶¶ 7–10.
[8] *Id.* at ¶ 11.
[9] *Id.* at ¶ 12.
[10] *Id.* at ¶ 13.
[11] *Id.* at ¶¶ 14–17.
[12] *Id.* at ¶ 16.

"Defendant failed to pay Plaintiffs the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than sixty (60) days."[13]

Plaintiffs filed suit on August 22, 2023 in this Court seeking to recover damages for Defendant's alleged failure to timely pay Plaintiffs' insurance claims and to recover extra-contractual penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.[14] Plaintiffs asserted claims against Defendant for breach of contract and breach of good faith and fair dealing, alleging that Defendant did not fully and timely pay Plaintiffs' insurance claims.[15]

In the instant Motion, Defendant argues that the Court must dismiss Plaintiffs' Complaint or alternatively order Plaintiffs to provide a more definite statement.[16] Defendant asserts Plaintiffs' Complaint fails to state any plausible claim for relief against Defendant.[17] Defendant argues that "Plaintiffs' Complaint fails to provide Chubb with sufficient 'notice of what plaintiff's claim is and the grounds upon which it rests,'" having not identified any policy provision that they believe Defendant has breached.[18] Defendant further asserts that the facts alleged in Plaintiffs' Complaint are insufficient to support a claim for damages.[19]

Plaintiffs responded to Defendant's Motion, arguing that their Complaint provides sufficient notice of their claims.[20] Plaintiffs also argue that Defendant's

---

[13] *Id.* at ¶ 17.
[14] R. Doc. 1.
[15] *Id.*
[16] R. Doc. 9-1 at p. 1.
[17] *Id.*
[18] *Id.* at p. 5.
[19] *Id.*
[20] R. Doc. 10 at pp. 1–2.

assertions are inaccurate and/or misplaced.[21] Specifically, Plaintiffs assert that Defendant's argument that Plaintiffs failed to reference specific policy provisions in the Complaint is without merit and that the Complaint adequately establishes a claim for bad faith penalties.[22] Instead, Plaintiffs contend that the "Defendant's goal is to play a game of 'gotcha' and gain a dismissal by arguing Plaintiff failed to point out facts it [Defendant] already knows."[23] Finally, Plaintiffs ask for the opportunity to amend their complaint should the Court grant the Defendant's Motion.[24]

The Defendant filed a reply in support of its Motion, arguing that Plaintiffs' Complaint fails to state facts sufficient to support any plausible claim for relief against Defendant and that "[n]othing in Plaintiffs' Opposition clarifies or cures the deficient pleading."[25] Accordingly, Defendant asks this Court to grant its Motion and dismiss Plaintiffs' claims.[26] In the alternative, Defendant asks the Court to order Plaintiffs to amend their complaint to provide Defendant "with sufficient information as to the legal and factual basis of their alleged claim(s) against it."[27]

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be

---

[21] *Id.* at pp. 3–4.
[22] *Id.*
[23] *Id.* The Court declines to find malintent or gamesmanship where none has been evidenced. The Court is fully satisfied that all counsel are well aware of their respective ethical obligations not to misuse the judicial process for purposes of harassment or delay.
[24] *Id.* at p. 5.
[25] R. Doc. 14 at p. 3.
[26] R. Doc. 14.
[27] *Id.*

granted.[28]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[29]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[31]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[32]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[33]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[34]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[35]

---

[28] Fed. R. Civ. P. 12(b)(6).
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[30] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[31] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[32] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[33] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[34] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[35] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

### B.     Rule 12(e) Standard

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[36] "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[37] The standard a court should use for evaluating a 12(e) motion is "whether the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'"[38]

### III.    ANALYSIS

Defendant moves to dismiss Plaintiffs' claim against it on the ground that Plaintiffs' Complaint fails to provide specific facts sufficient to state a plausible claim for relief.  In particular, Defendant claims that Plaintiffs fail to provide a specific provision of the Policy supposedly breached by the Defendant and thereby fail to state a plausible breach of contract claim.  Fixed to the claim for breach of insurance contract is Plaintiffs' claim of breach of good faith and fair dealing; Defendant asserts that because the breach of contract claim fails, the breach of the duty of good faith and fair dealing claim likewise fails.[39] Because the Court finds that Plaintiffs have not sufficiently alleged a breach of a specific policy provision and therefore have not

---

[36] Fed. R. Civ. P. 12(e).
[37] *Id.*
[38] *Phillips v. ABB Combustion Engineering, Inc.*, No. CIV.A. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2023) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)).
[39] *See Q Clothier New Orleans LLC v. Twin City Fire Insurance Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021).

stated a sufficient claim for breach of contract, both of Plaintiffs' claims necessarily fail.

"In Louisiana, a breach of contract claim has three essential elements: (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[40] In order to provide notice to the defendant insurance company of an obligation that plaintiff alleges is breached, a plaintiff must allege a breach of a specific policy provision of the insurance contract and not mere conclusory allegations.[41]

Here, Plaintiffs' allegations of breach of contract are conclusory and fail to state a claim. Plaintiffs allege that they "provided timely notice of the loss event" and that the payments made to date by the Defendant are "woefully inadequate to cover the costs to repair the Residence and other structures."[42] However, Plaintiffs do not provide a specific provision of the Policy which they allege the Defendant violated, rendering their Complaint deficient. Indeed, in their response to the Motion, the Plaintiffs concede to not providing the specific locations of each of "those aspects of the contract that provide for coverage, the type of coverage, the duties of the Defendant under the policy, and the types of loss for which indemnity is owed."[43]

---

[40] *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018).
[41] *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) ("To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision."); *accord Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 355 (5th Cir. 2010) (per curiam) ("We have recognized that in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" (quoting *Louque*, 314 F.3d at 782)).
[42] R. Doc. 1 at ¶¶ 11, 14.
[43] R. Doc. 10 at p. 4.

Plaintiffs' rejoinder that the Defendant can "piece . . . together" the relevant policy provisions with "minimal effort" misunderstands the law and inverts the pleading standard.[44] The Court finds that Plaintiffs have not sufficiently stated a breach of contract claim by failing to allege a violation of any specific contractual provision..

Further, because Plaintiffs fail to adequately allege a breach of the Policy, it necessarily follows that Plaintiffs also fail to allege a bad faith failure by Defendant to pay Plaintiffs' claim.[45] Thus, Plaintiffs' claims of breach of good faith and fair dealing shall also be dismissed.

Moreover, even had Plaintiffs alleged a plausible breach of insurance contract claim, their Complaint fails to contain sufficient factual material to support a plausible claim of breach of good faith and fair dealing. Plaintiffs generically mouth the relevant legal standard but fail to provide sufficient factual allegations to support their assertions. Such "naked assertion[s]" lacking "further factual enhancement"[46] will not suffice; the Plaintiffs' Complaint contains little more than "a formulaic recitation of the elements of a cause of action."[47] *JMC - Tran Properties v. Westchester Surplus Lines Ins. Co.*,[48] is illustrative. Similar to that case, Plaintiffs' Complaint does not state the date "when [Defendant] received satisfactory proof of loss, when

---

[44] *Id.*
[45] If there is no valid claim for breach of contract, then, logically, there can be no claim for bad faith breach of the contract. *See, e.g.*, *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 525–26 (5th Cir. 2010) ("[A] plaintiff attempting to base her theory of recovery against an insurer on [22:1892 and 22:1973] must first have a valid, underlying, substantive claim upon which insurance coverage is based." (quoting *Clausen v. Fid. & Deposit Co. of Md.*, 95 0504, p. 3 (La. App. 1 Cir. 8/4/95); 660 So.2d 83, 85).
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).
[47] *Id.* (citing *Twombly*, 550 U.S. at 555).
[48] No. CV 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (Africk, J.).

inspections of the property took place, or other factual allegations regarding timing which are necessary to determine if and when the 30-day and 60-day statutory periods began to run."[49] Furthermore, and again as in *JMC - Tran Properties*, Plaintiffs "provide[] no factual allegations as to what the undisputed portion of the claim is, including the amount paid, amount outstanding, and why any unpaid portions are nonetheless considered 'undisputed.'"[50] The Court finds that the Plaintiffs' Complaint is exactly the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that fails to meet the Rule 8 pleading standard.[51] The Complaint is devoid of factual content which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[52] Thus, Plaintiffs have failed to provide specific factual allegations to support its claim that Defendant failed to timely and reasonably adjust the subject losses.

Although Plaintiffs' Complaint is currently deficient, "[t]he Court should freely give leave [to amend a pleading] when justice so requires."[53] Plaintiffs have specifically asked the Court for leave to amend their Complaint should the Court find the Defendant's Motion to have merit.[54] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and

---

[49] *Id.*
[50] *Id.*
[51] *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555).
[52] *Id.* (citing *Twombly*, 550 U.S. at 556).
[53] Fed. R. Civ. P. 15(a)(2).
[54] R. Doc. 10 at p. 5.

futility of the amendment."[55]  An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted."[56]  Not finding any of the previously stated factors applicable at this time, the Court gives leave to the Plaintiffs to amend their complaint and timely file the amended pleading.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Defendant Chubb European Group SE's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6)[57] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have fourteen (14) days from the date of this Order to file an amended complaint that provides greater factual detail as to its breach of contract and breach of good faith and fair dealing claims.  If Plaintiffs fail to timely file an amended complaint, the Court will dismiss the action with prejudice and enter judgment in favor of the Defendant.

**IT IS FURTHER ORDERED** that the Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, June 4, 2024.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[55] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[56] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).
[57] R. Doc. 9.